UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALEMAR D. BLADE, | ) | CASE NO.  1:24-CV-02234 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN ANGELA STUFF, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge

Reuben J. Sheperd (Doc. 13) recommending the Court grant Respondent Warden Angela Stuff's

("Respondent") Motion to Dismiss (Doc. 10) Petitioner Valemar D. Blade's ("Petitioner") *pro se*

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and dismiss the claims therein

without prejudice.  Petitioner timely objected to the R&R.  (Doc. 14.)[1]  Respondent did not file

any response.  For the reasons stated herein, Petitioner's objections are OVERRULED, and the

R&R is ACCEPTED and ADOPTED.  Respondent's Motion to Dismiss (Doc. 10) is GRANTED

and the Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice, with

additional conditions discussed herein.

I.      BACKGROUND

        A.      Trial Court Proceedings

        On January 19, 2021, in case number 20-CR-653162, a Cuyahoga County grand jury

indicted Petitioner on the following counts: having weapons under disability, in violation of

---

[1] Although Petitioner's filing is titled "Traverse Writ, Reply Brief to Report and
Recommendation," the Court will construe this filing as objections to the R&R.

O.R.C. § 2923.13(A)(2); improperly handling firearms in a motor vehicle, in violation of O.R.C. § 2923.16(b); receiving stolen property, in violation of O.R.C. § 2913.51(A); and obstructing official business, in violation of O.R.C. § 2921.31(A).  (Doc. 10-1 at 234.)[2]

The charges in 20-CR-653162 relate to a September 2020 incident where Cleveland police officers initiated a traffic stop.  *State v. Blade*, No. 112084, 2023 Ohio App. LEXIS 3031, 2023 WL 5621712, at *1 (Ohio Ct. App. Aug. 31, 2023) ("*Blade I*").[3]  The driver, later identified as Petitioner, exited the vehicle and ran behind houses in the neighborhood.  *Id.*  One officer chased him but lost sight of him.  *Id.*  The second officer at the traffic stop observed a firearm on the front passenger seat, which was later determined to be stolen.  *Id.*  Other officers later located Petitioner at a nearby convenience store and he was arrested.  *Id.*

On March 3, 2022, in case number 22-CR-667895, a Cuyahoga County grand jury indicted Petitioner on the following counts: two counts of improperly discharging into habitation, in violation of O.R.C. § 2923.161(A)(1), with one-year and three-year firearm specifications under O.R.C. § 2941.141(A) and O.R.C. § 2941.145(A); two counts of felonious assault, in violation of O.R.C. § 2903.11(A)(2), with one-year and three-year firearm specifications under O.R.C. § 2941.141(A) and O.R.C. § 2941.145(A); discharge of a firearm on or near prohibited premises, in violation of O.R.C. § 2923.162(A)(3), with one-year and three-year firearm specifications under O.R.C. § 2941.141(A) and O.R.C. § 2941.145(A); having weapons under disability, in violation of O.R.C. § 2923.13(A)(2); criminal damaging or endangering, in

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[3] Petitioner did object to the R&R's reliance on the state court appellate opinion to establish the factual record.  (*See* Doc. 14 at 842-45.)  For the reasons discussed below, this objection is overruled.

violation of O.R.C. § 2909.06(A)(1); two counts of aggravated menacing, in violation of O.R.C. § 2903.21(A); and cruelty to animals, in violation of O.R.C. § 0959.131(C), with a one-year firearm specification under O.R.C. § 2941.141(A).  (Doc. 10-1 at 208-12.)

The charges in 22-CR-667895 relate to a November 2021 incident where Petitioner pulled into a driveway and hit a parked vehicle. *Blade I*, 2023 WL 5621712, at *1.  Cory Drake was inside the parked vehicle, and a physical altercation between Petitioner and Drake ensued. *Id.*  Drake's mother, Margaret Ridgell, came out of her house to break up the altercation.  *Id.*  As Petitioner was leaving, he said he was going to come back and kill them.  *Id.*  Minutes later, Petitioner returned to the scene, pulled out a gun, and began firing shots.  *Id.*  Drake and Ridgell took cover inside the house and saw Petitioner leave.  *Id.*  Petitioner returned several minutes later and shot at the house again.  *Id.*  Neighbors called 911 and identified Petitioner as the shooter.  *Id.*  No person one was struck by the shots, but Ridgell's kitten was killed.  *Id.*  Police arrived and collected shell casings.  *Id.*  Ridgell later identified Petitioner as the shooter.  *Id.*

On March 3, 2022, in case number 22-CR-667896, a Cuyahoga County grand jury indicted Petitioner on the following counts: domestic violence, in violation of O.R.C. § 2919.25(A); and two counts of endangering children, in violation of O.R.C. § 2919.22(A). (Doc. 10-1 at 232.)

The charges in 22-CR-667896 relate to a February 2022 incident.  *Blade I*, 2023 WL 5621712, at *2.  Petitioner was in his apartment where he lived with his girlfriend, Shaniya Nesbitt, and their two children, a two-year-old and an eight-month-old.  *Id.*  While Nesbitt was sleeping, Petitioner found messages between Nesbitt and another man on her phone.  *Id.*  He woke her up and they began arguing.  Petitioner punched Nesbitt multiple times and smashed a lamp over her.  *Id.*  Nesbitt eventually left, leaving Petitioner home with the children.  She went

to the police department and reported the incident.  *Id.*  The police came back to the apartment with her so she could get the children.  *Id.*  The door was ajar and they heard crying inside.  *Id.* Petitioner had left the children by themselves, but they were unharmed.  *Id.*  The officers helped Nesbitt pack up the children.  *Id.*  Apartment security guards located Petitioner in the stairwell, where officers confronted him.  *Id.*

On March 14, 2022, Petitioner's appointed counsel moved to withdraw.  (Doc. 10-1 at 215-16.)  He was appointed new counsel the same day.  (*Id.* at 217.)

Prior to trial, the state filed a notice of intent to use evidence under Evid. R. 804(B)(6), seeking to introduce statements made by Nesbitt and Drake to law enforcement.  *Blade I*, 2023 WL 5621712, at *2.  The state asserted Petitioner had made numerous calls to Nesbitt and Drake asking them to recant their statements against him.  *Id.*  After a hearing, the court granted the state's motion with respect to Nesbitt, but not Drake.  *Id.* at *3.

The state moved for joinder of all three of Petitioner's criminal cases for trial.  (Doc. 10-1 at 219-24.)  The court granted the motion.  *Blade I*, 2023 WL 5621712, at *3-4.  Nesbitt and Drake did not appear at trial.  *Id.* at *4.

On September 14, 2022, the jury returned a verdict as follows: In 20-CR-653162, Petitioner was found guilty of having a weapon while under a disability, improperly handling a firearm in a motor vehicle, and obstructing official business.  (Doc. 10-1 at 234-35.)  He was found not guilty of receiving stolen property.  (*Id.*)  In 22-CR-667895, Petitioner was found guilty of discharge of a firearm on or near prohibited premises, along with a one- and three-year firearm specification; having weapons while under a disability; and one count of aggravated menacing.  (*Id.* at 230-31.)  He was found not guilty of both counts of improperly discharging a firearm into habitation or school, both counts of felonious assault, criminal damaging, one count

of aggravated menacing, and animal cruelty.  (*Id.*)  In 22-CR-667896, Petitioner was found guilty

of domestic violence, along with a prior conviction specification, and both counts of endangering

children.  (*Id.* at 232-33.)

On October 20, 2022, the court imposed a prison term of eighteen months in 20-CR-

653162, six years in 22-CR-667895, and eighteen months in 22-CR-667896, to run consecutively

for an aggregate sentence of nine years.  (*Id.* at 230-35.)

### B.      Direct Appeal

On October 27, 2022, Petitioner, through appointed appellate counsel, filed a timely

notice of appeal for all three cases.  (*Id.* at 241-45.)  Petitioner raised two assignments of error:

1. The Trial Court Erred in Granting the State's Motion to Join These Three Cases for Trial and then Proceeding to Trial on All 17 Counts.

2. The Trial Court erred by admitting hearsay statements of three non-testifying witnesses under the Forfeiture by Wrongdoing exception in Evidence Rule 804(B)(6) and violated Appellant's Right to Confront Witnesses Against Him as guaranteed by the 6th Amendment of the US Constitution and Section 10 of Article 1 of the Ohio Constitution.

(*Id.* at 251-75.)

On August 31, 2023, the court of appeals affirmed the trial court's judgment and

overruled Petitioner's assignments of error.  (*Id.* at 311-28; *see also Blade I*, 2023 WL 5621712.)

On October 30, 2023, Petitioner, *pro se*, appealed to the Ohio Supreme Court.  (Doc. 10-1 at

376-94.)  He raised three propositions of law:

1. The Eighth District Court of Appeals erred in denying appellant's assignment of error involving the trial court error granting the state's motion to join petitioner's three cases for trial and then proceeding to trial on all 17 counts.

2. The Eighth District Court of Appeals erred in denying appellant's assignment of error involving the trial court error admitting hearsay statements of three non-testifying witnesses under the forfeiture by wrongdoing exception in evid.r. 804(B)(6) and violated appellant's right to confront the witnesses against him as guaranteed by the 6th Amendment of the United States Constitution and Section 10 of the Ohio Constitution.

3. The Eighth District Court of Appeals erred and abused its discretion by denying appellant's application for reconsideration.

(*Id.* at 379.)  On December 26, 2023, the Ohio Supreme Court declined to exercise jurisdiction.

(*Id.* at 716; *see also State v. Blade*, 223 N.E.3d 1257 (Table) (2023) ("*Blade II*").)

### C. Postconviction Relief

On September 11, 2023, Petitioner, through counsel, filed an application for

reconsideration of the appellate court's August 31, 2023, arguing:

1. The Court's recitation of facts is an obvious error. The purported facts that the Court recites in Paragraphs 7, 8, 9, 12, and 13, are not contained anywhere in the record, and they merely restate the unfounded "facts" contained in the state's brief, and which were challenged by Appellant in his Reply Brief.

2. In utilizing App. R. 12(A)(1)(b) as the basis of its decision, the Appellate opinion limits its consideration to only one of three reference points upon which to base its decision, and ignoring the other two references creates a miscarriage of justice which can be rectified without further Appellate proceedings.

3. The Constitutional rights specifically named in the 6th Amendment to the US Constitution outweigh any purpose of Ohio App. Rules 16(A)3 or 12(A)(1)(b) as applied in this case. Appellate Counsel's inartful formatting of the primary issue on appeal, an issue which was obvious to all parties and the Courts ab initio, should not result in this Court failing to even consider the merits of his 6th Amendment claims.

(Doc. 10-1 at 330-42.)  On September 27, 2023, the appellate court denied the motion for

reconsideration as moot.  (*Id.* at 374-75.)  On October 30, 2023, Petitioner, *pro se*, appealed the

motion for reconsideration to the Ohio Supreme Court, along with his direct appeal.  (*Id.* at 376-

94.)  On December 26, 2023, the Ohio Supreme Court declined to exercise jurisdiction.  (*Id.* at

716; *see also Blade II*, 223 N.E.3d 1257.)

On November 28, 2023, Petitioner, *pro se*, filed an application for reopening under Ohio

Appellate Rule 26(B), claiming the following assignments of error:

1. Appellant's trial counsel provided ineffective assistance by virtue of counsel's failure to file motion to dismiss case for violation of appellant's constitutional and statutory right to a fast and speedy trial.

2. The trial court abused its discretion when it permitted the prosecution to admit prior conviction journal entries without a stipulation by the defense and without complying with R.C. 2945.75(8).

3. Where appellate counsel fails to specifically assign errors for review as App. R. 16(a)(3) requires, resulting in the failure of the court's review of the claims, counsel's performance falls below an objective standard of reasonableness-prejudicing appellant to full and fair review.

4. Where the state presented insufficient evidence to show that witnesses were unavailable appellant's right of confrontation is violated.

5. The trial court abused its discretion by permitting the state to introduce out-of-court statements under the forfeiture-by-wrongdoing exception of Evid. R. 804(b)(6), in violation of appellant's right of confrontation.

(Doc. 10-1 at 416-32.)  On July 29, 2024, the appellate court denied the motion.  (*Id.* at 458-78.)

On September 11, 2024, Petitioner, *pro se*, filed a notice of appeal to the Supreme Court of Ohio, raising the following propositions of law:

1. Does an appel[l]ant receive ineffective assistance of appellate counsel when counsel failed to raise[] a prima facie case for dismissal based on speedy trial violation under the Sixth and Fourteenth Amendment[s] of the United States Constitution?

2. Does an appellant receive ineffective assistance of appellate counsel when counsel fail[ed] to raise when trial court permitted out-of-court statements in violation of [the] confrontation clause of the Sixth amendment and Fourteenth Amendments of the United States Constitution?

3. Does appellant receive ineffective assistance of appellant counsel where counsel fails to comply with App. R. 16(a)(3) resulting in prejudice against appellant's right to appellate review of his conviction under the Fifth, Sixth, and Fourteenth Amendment[s] of the United States Constitution?

4. Is an appellant denied due process of law when an appellate court refuses to address each assignment of error in a motion to reopen his direct appeal under the Fifth and Fourteenth amendment[s] of the United States Constitution?

(*Id.* at 479-97.)  On October 29, 2024, the Ohio Supreme Court declined to exercise jurisdiction. (*Id.* at 516; *see also State v. Blade*, 244 N.E.3d 1170 (Table) (2024) ("*Blade III*").)

On December 30, 2024, Petitioner, *pro se*, filed a motion for postconviction relief under Ohio Civil Rule 59.[4]  (Doc. 10-1 at 676-705.)  He also filed, *pro se*, various postconviction motions, including a motion for jail-time credit; a petition to vacate or set aside judgement of conviction or sentence; a motion for appointment of counsel in in his postconviction motions; and a motion for expert assistance in his postconviction case.  (*Id.* at 517-99.)  Petitioner also filed a motion for a new trial with the appellate court, which was denied with instructions that motions for a new trial should be filed in the trial court.  (*Id.* at 675, 713.)

On May 28, 2025, Petitioner, *pro se*, filed a writ of mandamus to the Ohio Supreme Court.  (*See* Doc. 11-7.)  He attached it to his Traverse.  (*Id.*)  The case was captioned against the trial court judge and lists his three criminal cases.  (*Id.* at 768.)  Petitioner alleged bias and conspiracy by the trial court judge, prosecutor, and his counsel, as well as constitutional errors affecting the validity of his trial.  (*See id.* at 769-78.)  He requested the Ohio Supreme Court compel the trial court to proceed to judgment on his postconviction petition.  (*Id.* at 779.)

On June 11, 2025, the trial court denied Petitioner's postconviction petition and various motions for postconviction relief.  *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (June 11, 2025).[5]  Petitioner has not filed a notice of appeal.  *Id.*

---

[4] The trial court construed Petitioner's motion as a petition for postconviction relief.  *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (June 11, 2025).

[5] On a motion to dismiss, a court may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein."  *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 694 (6th Cir.

On June 12, 2025, the state moved to dismiss Petitioner's writ of mandamus.  *See Blade v. Corrigan*, 2025-0725, Supreme Court of Ohio, https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2025/0725 (June 12, 2025).  On August 20, 2025, the Ohio Supreme Court granted the motion to dismiss and denied Petitioner's writ of mandamus as moot.  *See Blade v. Corrigan*, 2025-0725, 265 N.E.3d 77 (Table) (2025).

On August 29, 2025, Petitioner, *pro se*, filed a motion pursuant to Ohio Civil Rule 60(B)(3), (5), for relief from judgment based on "fraud upon the court."  *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (Aug. 29, 2025).  He alleged his defense counsel, the prosecutor, and law enforcement officers violated his constitutional rights by admitting fraudulent evidence against him.  *Id.*  Petitioner referenced the state's motion under Evid. R. 804(B)(6) and alleged resulting constitutional violations.  *Id.*  To him, the state knowingly presented false evidence to the jury and both the trial judge and the state violated his due process rights.  *Id.*  He further asserted various jurors who showed bias against him during voir dire were impaneled.  *Id.*  Petitioner requested an order vacating the judgment of 22-CR-667896 and a new trial with an evidentiary hearing.  *Id.*  On January 14, 2026, the court denied the Rule 60(B) motion.  *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (Jan. 14, 2026).  On March 4, 2026, Petitioner filed a Motion for Entry of Judgment under Ohio Civil Rule 58(B).  He asserted he did not receive a copy of the Judgment Entry for the January 14, 2026 judgment on his Rule

---

2018) (citation and quotations omitted).  Petitioner refers to his postconviction motions in his Petition (*see* Doc. 1), and Respondent provided state court docket sheets for all of Petitioner's state court cases as of the date of that filing.  (*See* Doc. 10-1 at 706-17.)  The Court may therefore reference the state court dockets to determine the status of Petitioner's cases without converting the motion to a motion for summary judgment.  *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (a court may take judicial notice of another court's docket where the plaintiff referred to or attached the public record to the complaint).

60(B) motion.  *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (March 4, 2026).  Petitioner would like to appeal that decision upon receiving the Judgment Entry.  *Id.*  To him, the trial court's failure to serve him with the judgment entry tolls the 30-day window for an appeal under Ohio Appellate Rule 4(A)(3).  *Id.*

On October 20, 2025, Petitioner, *pro se*, filed a motion pursuant to Ohio Criminal Rule 52(B) based on plain errors or defects affecting substantial rights.  *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (Oct. 20, 2025).  Petitioner alleged hearsay statements and prejudicial statements were improperly admitted at trial, insufficient probable cause and deficiencies in the underlying complaint, and insufficient findings at sentencing for consecutive sentences such that his sentence is contrary to law and must be vacated.  *Id.*  He requested relief "due to Malfeasance, Misfeasance and/or Abuse of Discretion and Violations of United States Constitution and/or State and Federal Law committed by prosecution."  *Id.*  Petitioner further requested an evidentiary hearing.  *Id.*  The motion is still pending on the trial court's docket.  *Id.*

### D.  Federal Habeas Petition

On December 7, 2024, Petitioner filed his Petition.[6]  He raised twelve grounds for relief:

**Ground One:** (Bias) Common Pleas Court, Judge, Peter J. Corrigan (Bias with Prejudice).  (Doc. 1 at 5.)

**Supporting Facts:** This Judge, Peter J. Corrigan, explicitly demonstrated his personal discontent; his personal acrimonies; his personal opinions of disregard for this Defendant, and/or his trial; his personal disregard for whether this Defendant is innocent; threats of longer prison time sentencing; (intimidation toward Defendant's life and liberty) all before trial started.  (*Id.*)

---

[6] Petitioner objects to this filing date.  For the reasons discussed below, this objection is overruled.

**Ground Two:** (Chain-Conspiracy) committed by the Judge, Common Pleas Court.  (*Id.* at 7.)

**Supporting Facts:** Fifth – Sixth – Fourteenth Amendments Violated; with further violations of the United States Constitution and Universal Declaration of Human Rights, before during and after trial; and at sentencing. Malice and wanton-ill-will was demonstrated by this Judge with reckless intentions. Manifest Constitutional errors did occur by the direction of this Presiding Judge, Peter J. Corrigan, inter alia.  (*Id.*)

**Ground Three:** Legal Malpractice of a Common Pleas Court Judge, Peter J. Corrigan.  (*Id.* at 8.)

**Supporting Facts:** 1. Case No. CR-22-667-895-A, was held within a roguish Common Pleas Court, under a rogue Judge of Cuyahoga County, Ohio. 2. He promoted and allowed his Prosecutor to commit, "malfease and misfeasance" manifestation within a Grand Jury trial. 3. He promoted and allowed his prosecutor to circumvent, this Defendant's United States Constitutional and Amendment rights, "inter-alia."  (*Id.*)

**Ground Four:** Legal Malpractice of and by Prosecutor, of Criminal Grand-Jury Trial.  (*Id.* at 10.)

**Supporting Facts:** 1. This prosecution tampered with Records; 2. Interfered with Civil Rights: 2921.45(A); (B); 3. Committed Conspiracy with abetting Chain-Conspiracy; 4. Committed falsification of Official Police Reports, to distort its true finds, facts, and conclusions; 5. Committed actual, common, particular and transferred malice; 6. Committed Fraud; 7. Committed conflict of law and/or interest, "inter-alia;"; 8. Unconstitutional acts and/or actions.  (*Id.*)

**Ground Five:** Unjustifiable, unjust "judicial retaliation" by Judge Peter J. Corrigan. (Doc. 1-1 at 16.)

**Supporting Facts:** The Common Pleas Court Judge Peter J. Corrigan, of Cuyahoga County Ohio, Cleveland, committed the following: Retaliation with cognitive acts and/or actions, (using language) and threatening the Defendant-Petitioner, Valemar D. Blade, with retroactive and retroactive law, wrongfully and abusively; herewithin, therewithin, these current case numbers: (A) CR-22-667-895-A* (B) CR-22-667-896-A (3) CR-20-653-162-A. And in this Order of effective-ness, and by the combining of specific case numbers, CR-22-667-895-A, of which was irrelevant of which lack the manifest weight of evidence; and of which was insufficient to support any convictions. (but yet needed in order for this Judge to carry out a premeditated-additional lengthy sentence.) . . . this Judge grossly failed to call and established mistrial pursuant to the fact that "three alleged victims" and there, "two alleged witnesses intentionally failed to comply with their court ordered subpoena's . . . these alleged-victims "omission," and there two, alleged witnesses "omission"; with this prosecution's failure-of-proof defense clearly obvious, and failure-of-performance clearly obvious, to wit Fed. R. Civ. P. (12)(b)-(6) also violated; this Judge still failed to call a mistrial. . . . did not represent justice, and the

United States Constitution and Amendments, and the Universal Declaration of Human Rights were not upheld, under him as the Presiding Judge, over this Defendant, Valemar D. Blade. Thereby this Judge's own acts and or actions of bias – prejudice against Valemar D. Blade did he commit miscarriage of justice.  (*Id.* at 16-21.)

**Ground Six:** Structural error, combined with procedural, plain an substantial error, of the Common Pleas Court Trial.  (Doc. 1-9 at 35.)

**Supporting Facts:** Structural Error, and/or "Per-Se Prejudicial," as defined; "A defect in a trial mechanism or framework that, by deprivation of basic constitutional protections, taints the trial process, making it unreliable and rendering any punishment fundamentally unfair." "A mistake in complying with the rules or steps in the legal process." "An error that is so obvious and prejudicial that an appellate court should address it despite the parties' failure to raise a proper objection at Trial." "An error that affects a party's substantive rights or the outcome of the case." All of these errors were fore-told by the fore-caster as he proceeded to fore-cast his fore-going fore-bidden structural, procedural, plain and substantial errors. Herein, therein be the official government state of Ohio judicial-affiliates and participants of whom witnessed and/or read and/or were told and/or were bribed and barter-ed with directly and/or indirectly. And more-over those participants of whom sought to withdrawal and/or immediately – withdraw from the involvement of illegal acts and/or actions that would wrongfully-convict this Defendant, Valemar D. Blade. Nevertheless, those participants grossly failed to report the illegal acts and/or actions of this Cuyahoga County, Common Pleas Court Against this Defendant . . . . Hence, this Defendant was wrongfully convicted as a result of their cowardice.  (*Id.* at 35-36.)

**Ground Seven:** Ineffective Assistance of Counsel, combined with acts and/or actions of bias, prejudice, bribery and bartering, (inter alia).  (Doc. 1-12 at 65.)

**Supporting Facts:** The court appointed criminal defense attorney, Scott W. Ramsey, wasted no time manipulating and exploiting this Defendant, Valemar D. Blade, and his court cases. . . . Attorney Scott W. Ramsey, was informed by this Defendant, Valemar D. Blade, that the first court appointed attorney, Charles M. Morgan, had violated his right to a speedy trial, pursuant to Case No. CR-20-653- 162-A. And that attorney, Morgan had continued to coerce him into "not testifying" on his own behalf within a criminal trial, and that he still wanted to testify on his own behalf pursuant to these cases [CR-20-653-162-A; CR-22-667-895-A; CR-2-667-896-A]; and that he wanted a speedy trial for each case individually. This Defendant has informed attorney, Scott. W. Ramsey that he had and wanted his witnesses and alibis to be subpoenaed. . . . The acts and/or actions and lack thereof of attorney Scott W. Ramsey's legal defense and this legal obligation supersede illegal wrongdoing and dereliction of duty to an indigent Defendant such as Valemar D. Blade. . . .  (*Id.* at 65-72.)

**Ground Eight:** Deprivation of Rights under Color of Law, pursuant to Title 18 U.S.C. Section 242.  (Doc. 1-13 at 73.)

**Supporting Facts:** Thereby, "the refusal of Right to Counsel," by three individually selected appeals court appointed attorneys. . . . Not one of these appeals attorneys wanted to be "That Attorney" (to bring down a Judge and his chain-of-conspirators) of and within the Cuyahoga County Judicial Court System. Sadly for this Defendant-Appellant, Valemar D. Blade, these Appeals Attorneys elected to "Sacrifice" this young Black Man. . . . Shall there be cause and probable cause theretofore the Federal Bureau of Criminal Investigation involvement pursuant to corrupt activity known as racketeering activity under the Organized Crime Control Act of 1970; 84 Stat. 941, 18 U.S.C. 1961(1)(B), (1)(D) and (1)(E) as amended.  (*Id.* at 73-75.)

**Ground Nine:** Wrongful Indictments.  (Doc. 1-14 at 76.)

**Supporting Facts:** See Grounds and Exhibits and a copy of attached post-conviction petition documents. Theretofore Support of Ground Nine, pursuant to cases CR-22-667-895-A and CR-22-667-896-A.  (*Id.*)

**Ground Ten:** Wrongful Sentencing.

**Supporting Facts:** See Grounds and Exhibits and a copy of attached post-conviction petition documents and Civ. R. (59), pursuant to cases CR-22-667-895-A and CR-22-667-896-A.  (*Id.*)

**Ground Eleven:** Wrongful-Entrapment by Alleged Victims and Police.

**Supporting Facts:** See Grounds and Exhibits and a copy of attached post-conviction petition documents and Civ. R. (59), pursuant to cases CR-22-667-895-A and CR-22-667-896-A.  (*Id.*)

**Ground Twelve:** Violations of civil, state, and federal laws and statutes; committed by the Common Pleas Court and its state prosecutors.  (*Id.*)

**Supporting Facts:** See Grounds and Exhibits and a copy of attached post-conviction petition documents and Civ. R. (59), pursuant to cases CR-22-667-895-A and CR-22-667-896-A and in part Case No. CR-20-653-162-A.  (*Id.*)

## E.    The R&R

The R&R recommended that based on the information contained in Petitioner's filings, Respondent's motion to dismiss, and the state court docket, Petitioner has not exhausted his state court remedies.  (Doc. 13 at 833.)  The R&R noted Petitioner attached to his Traverse the mandamus action filed in the Ohio Supreme Court after the filing of his federal habeas petition. (*Id.*)  In the mandamus action, Petitioner asked the Ohio Supreme Court to intervene in his state

postconviction action and raised claims related to some of the grounds for relief in his federal habeas petition.  (*Id.*)  The mandamus action was still pending at the time the R&R was filed.  (*Id.* at 833-34.)  The R&R characterized Petitioner's petition as a mixed petition.  (*Id.* at 834.)  The R&R further recommended that under *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), a stay and abeyance or allowing Petitioner to delete the unexhausted claims and proceed with the exhausted claims were inappropriate in this case.  (*Id.* at 835-36.)  In sum, the R&R recommended granting respondent's motion to dismiss and dismissing the petition in its entirety without prejudice to refile.  (*Id.* at 837-38.)

## II.     LAW AND ANALYSIS

### A.     Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 187 L. E. 2d 348 (2013).  "The Supreme Court has regularly 'reminded' courts that this text adopts a 'difficult to meet' test." *Fields v. Jordan*, 86 F.4th 218, 231 (6th Cir. 2023) (quoting *White v. Woodall*, 572 U.S. 415, 419, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014)).  The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings . . . and demands that

state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010) (quotations and citations omitted). AEDPA's deferential review standard was intentional. *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 U.S. App. LEXIS 27813, 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); *see also* FED. R. CIV. P. 72(b)(3).

The question on *de novo* review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007). To receive habeas relief in federal court, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quoting *Jackson v. Va.*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is not considered a

proper objection for the district court's *de novo* review.  *Woodson v. Ohio*, No. 19-CV-339, 2022 U.S. Dist. LEXIS 51388, 2022 WL 842240, at *1 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* L. Civ. R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

### B.      Petitioner's Objections to the R&R

Petitioner submitted fourteen pages of objections that are difficult to follow.  (*See* Doc. 14.)  His objections can generally be grouped into three categories: (1) objections to the R&R's recitation of facts (*see id.* at 842-45); (2) exhaustion (*see id.* at 846-50); and (3) various remaining objections based on the merits of his petition (*see id.* at 850-53).  The Court will address the objections in turn.

#### 1.      Factual Findings

Under the AEDPA, the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  "The AEDPA requires heightened respect for state court factual and legal determinations."  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  Accordingly, a federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040, 119 S. Ct. 2403, 144 L. Ed. 2d 802 (1999); *see also Gibbs v. Huss*, 12 F.4th 544, 546 (6th Cir. 2021) (the facts as presented in the "last reasoned state-court opinion" are "presumed to be correct" and can only be rebutted by "clear and convincing evidence") (quoting 28 U.S.C. § 2254(e)(1)).

To Petitioner, the R&R incorrectly stated his petition was filed on December 7, 2024, when it was filed on December 23, 2024.  (Doc. 14 at 842.)  Under the prison mailbox rule, for *pro se* prisoners, the filing date is the date the petition is turned over to prison officials for transmittal to the court.  *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  On December 7, 2024, Petitioner placed his petition in the prison mailing system. (Doc. 1 at 15.)  That is the correct filing date.

Next, Petitioner objects to the R&R's reliance on the factual findings from the state court appellate opinion on direct appeal.  (Doc. 14 at 842-45.)  To Petitioner, the appellate court's factual findings are "erroneous and/or fabricated."  (*Id.* at 842.)  Although he does cite to trial court transcripts in support of some of his alleged factual disputes, his assertions merely offer his view of the evidence.  (*See id.* at 842-45.)  He has not met his burden of rebutting the presumption of correctness by clear and convincing evidence.  Further, Petitioner's alleged errors have no bearing on the R&R's exhaustion analysis.  *See Mock v. Bracy*, No. 4:22-CV-00937, 2024 U.S. Dist. LEXIS 92262, 2024 WL 2347279, at *1 n.2 (N.D. Ohio May 22, 2024), *certificate of appealability denied sub nom. Mock v. Palmer*, No. 24-3563, 2024 U.S. App. LEXIS 28353, 2024 WL 5278796 (6th Cir. Nov. 7, 2024), *cert. denied*, 146 S. Ct. 246 (2025).

Additionally, Petitioner asserts the R&R incorrectly stated he was found guilty of receiving stolen property.  (Doc. 14 at 845; Doc. 13 at 816 n.2.)  While Petitioner is correct he was found not guilty of this count, this statement in the R&R is not relevant to any of the R&R's findings.  (Doc. 10-1 at 234-35.)

Petitioner's objections to the R&R's factual findings are overruled.

### 2. Exhaustion

#### a) Presentment

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). To exhaust his remedies, a state defendant with federal constitutional claims must "'fairly presen[t]'" those claims to state courts before raising them in a federal habeas corpus action. *Robinson*, 950 F.3d at 343 (quoting *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 285 (1995)); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981) (citations omitted).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to either: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806.

To petitioner, the R&R erred by failing to specifically address whether grounds seven and eight were unexhausted. (Doc. 14 at 846.) He asserts all of his grounds are exhausted and are

not pending in state court. (*Id.* at 846, 847.) Further, a writ of mandamus cannot serve to exhaust his claims and is therefore not a basis for dismissal, Petitioner urges. (*Id.* at 848.)

The R&R observed Petitioner had yet to exhaust at least some of his claims in state court. (*See* Doc. 13 at 833-34.) "Because many of [Petitioner's] claims remain unexhausted or are otherwise intertwined with the mandamus action in the Ohio Supreme Court," the R&R recommended dismissal of the entire petition without prejudice. (*Id.* at 837-38.)

Petitioner's mandamus action was still pending when the R&R was written. *See Blade v. Corrigan*, 2025-0725, 265 N.E.3d 77 (Table) (2025). However, the Ohio Supreme Court has since dismissed it. Notwithstanding, Petitioner has other motions for postconviction relief currently pending before the trial court that are relevant to the exhaustion analysis. *See Blade v. Corrigan*, 2025-0725, 265 N.E.3d 77 (Table) (2025); *State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/. On March 4, 2026, Petitioner indicated he will appeal the denial of his Ohio Civil Rule 60(B) motion upon receiving the Judgment Entry. *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (March 4, 2026). And on October 20, 2025, Petitioner filed a motion pursuant to Ohio Criminal Rule 52(B) based on plain errors or defects affecting substantial rights. *See State v. Blade*, 22-CR-667896, Cuyahoga County Clerk of Courts, https://cpdocket.cp.cuyahogacounty.gov/ (Oct. 20, 2025). That motion is still pending on the trial court's docket. *Id.*

Petitioner's Ohio Civil Rule 60(B) and Ohio Criminal Rule 52(B) motions raised many of the same arguments he made in his postconviction petition and significantly overlap with Petitioner's grounds for federal habeas relief. (*See* Docs. 1, 1-1, 1-9, 1-12, 1-13, 1-14.) In the state court motions, he alleged violations of his constitutional rights based on various biases and

the evidence presented at trial. He also sought to have his sentence vacated and requested evidentiary hearings. While some of his habeas grounds may be procedurally defaulted, are related to issues still pending before the trial court. He must give state courts a full opportunity to resolve the constitutional issues by invoking the state's complete appellate review process to satisfy the presentation requirement. *See Robinson*, 950 F.3d at 343; *O'Sullivan*, 526 U.S. at 845. Accordingly, Petitioner has failed to exhaust several of his habeas claims.

### b) Dismissal

A mixed petition contains exhausted and unexhausted claims. *McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023). Historically, courts had to "dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). But the AEDPA established a one-year statute of limitations on the filing of habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). And the filing of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). Meaning, if a district court dismissed a mixed petition on exhaustion grounds close to the one-year deadline, the petitioner could be prevented from seeking federal habeas relief.

In *Rhines*, the Supreme Court held courts may consider alternatives to dismissal. 544 U.S. at 274-78. Courts could stay and hold in abeyance a petitioner's exhausted claims while he litigated his unexhausted claims in state court. *Id.* at 277-78. The *Rhines* court cautioned that procedure could potentially "undermine [AEDPA's] twin purposes" of exhaustion and finality, so it "should be available only in limited circumstances." *Id.* at 277. A court should grant a stay and abeyance only when (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) where the unexhausted claims

are not "plainly meritless"; and (3) where "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-89. If a stay and abeyance is inappropriate, the district "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278.

> In the Sixth Circuit, district courts have four options when faced with a mixed petition:
>
> (1) dismiss the mixed petition in its entirety, . . . (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, . . . (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, . . . or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims ha[ve] any merit.

*McBride*, 76 F.4th at 514 (quoting *Harris v. Lafler*, 553 F.3d 1028, 1032-33 (6th Cir. 2009)).

Petitioner has presented a mixed petition. Under *Rhines*, the R&R recommended dismissal without prejudice, rather than a stay or allowing Petitioner to proceed with the exhausted grounds, was appropriate in this matter. (*See* Doc. 13 at 835-38.)

In his objections, Petitioner merely argued his habeas claims were exhausted. "Losing on that argument can result in dismissal." *McBride*, 76 F.4th at 513 (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)) (finding district court was not required *sua sponte* to consider alternatives to dismissal when presented with mixed petition). Although Petitioner did not explicitly request a stay, his objections do address the *Rhines* factors, albeit in a cursory manner. (*See* Doc. 14 at 846.) He asserts (1) state remedies are not available, (2) his grounds "are fully clear and have great merit," and (3) there has been no delay or ill intention in seeking to have his constitutional issues addressed. (*Id.*)

Under *Rhines*, Petitioner has not demonstrated a stay is warranted.  First, Petitioner has not demonstrated good cause for failing to exhaust his claims in state court.  He filed his federal habeas petition before the state trial court ruled on his postconviction petition.  While Petitioner did not appeal the trial court's denial of his postconviction petition, he subsequently filed various motions in the trial court that overlap with his federal habeas grounds.  He must fully present these issues through the state's appellate process before raising them here.  Second, the Court cannot determine whether the unexhausted claims are plainly meritless.  Of the twelve habeas grounds, many are not clear, difficult to follow, or lack supporting details beyond a reference to Petitioner's postconviction petition.  (*See* Docs. 1, 1-1, 1-9, 1-12, 1-13, 1-14.)  Third, Petitioner does not seem to have engaged in abusive litigation tactics or intentional delay.  Notwithstanding the third factor, courts have found a stay and abeyance inappropriate where the first two *Rhines* factors weighed against a stay.  *See Peterson v. Stuff*, No. 25-CV-679, 2026 U.S. Dist. LEXIS 46, 2026 WL 18607, at *4, (N.D. Ohio Jan. 2, 2026), *R&R adopted*, 2026 U.S. Dist. LEXIS 13492, 2026 WL 196004 (N.D. Ohio Jan. 26, 2026); *Esters v. Vashaw*, No. 20-cv-12882, 2021 U.S. Dist. LEXIS 250586, 2021 WL 6495041, at *2 (E.D. Mich. June 30, 2021).

Next, the Court must consider whether Petitioner should be allowed "to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  *Rhines*, 544 U.S. at 278.  The R&R recommended allowing Petitioner to proceed with the unexhausted claims was not appropriate because it was not clear whether Petitioner had exhausted any of his claims and it did not appear dismissal would impair Petitioner's right to obtain federal relief.  (Doc. 13 at 835-36.)  The R&R noted the AEDPA allows for statutory tolling but took no position on whether

statutory tolling applied.  (*Id.* at 836.)  Petitioner argues statutory tolling does not apply to him because his postconviction petition was untimely.  (*Id.* at 850.)

Given the significant overlap with Petitioner's habeas grounds and the motions still pending before the trial court, as well as the lack of clarity for many of his grounds, it is not clear which claims Petitioner has fully exhausted upon which he can proceed.  Dismissal without prejudice to refile is the most appropriate course of action.  But the Court must determine whether dismissal would unreasonably impair Petitioner's right to obtain federal relief.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *See also Wall v. Kholi*, 562 U.S. 545, 551, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011) (holding the phrase "collateral review" refers to a "review other than review of a judgment in the direct appeal process").  A postconviction motion challenging a judgment is "properly filed" if the application is delivered to, and accepted by, the appropriate court officer for placement into the official record.  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  An application may be properly filed to toll the habeas period even if it contains procedurally barred claims.  *Id.* at 9.

Here, the parties do not dispute Petitioner's habeas petition was timely filed on December 7, 2024.  But the filing of his habeas petition did not toll the AEDPA's statute of limitations.  *See Duncan*, 533 U.S. at 181-82.  Given the untimeliness of Petitioner's postconviction petition and that other motions for postconviction relief are still pending before the state trial court, it is not clear how statutory tolling would impact his claims.  Accordingly, the Court must ensure that

dismissal without prejudice to refile will not "be a hollow victory."  *See Papenfus v. Tibbals*, 289 F. Supp. 2d 897, 901 (N.D. Ohio 2003).

While dismissal without prejudice is appropriate here, it is possible the AEDPA statute of limitations could expire while Petitioner exhausts his claims in state court.  To avoid this outcome, courts have applied prospective equitable tolling of the statute of limitations.  *See Peterson*, 2026 WL 18607, at \*6, *R&R adopted*, 2026 WL196004; *Kearns v. Ohio Adult Parole Auth.*, No. 22-CV-00390, 2022 U.S. Dist. LEXIS 240687, 2022 WL 19334260, at \*9 (N.D. Ohio Dec. 28, 2022), *R&R adopted*, 2023 U.S. Dist. LEXIS 57550, 2023 WL 2734742 (N.D. Ohio Mar. 31, 2023); *Thompson v. Shelton*, No. 13-CV-00529, 2014 U.S. Dist. LEXIS 7165, 2014 WL 223378, at \*9 (N.D. Ohio Jan. 21, 2014); *Dunford v. Tibbals*, No. 11CV2028, 2013 U.S. Dist. LEXIS 151783, 2013 WL 5726083 at \*12-13 (N.D. Ohio Sept. 30, 2013), *R&R adopted*, 2013 U.S. Dist. LEXIS 151545, 2013 WL 5726083 (N.D. Ohio Oct. 21, 2013); *Moon v. Robinson*, No. 12CV1396, 2013 U.S. Dist. LEXIS 108799, 2013 WL 3991886, at \*8 (N.D. Ohio Aug. 2, 2013).

"To be entitled to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Kincade v. Wolfenbarger*, 324 F. App'x 482, 487 (6th Cir. 2009) (citations and quotations omitted); *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  Prospective equitable tolling is reasonable in unexhausted habeas cases if the court attaches conditions to ensure expeditiousness.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Here, Petitioner has been pursuing his rights diligently but has been subjected to delays in the state trial court.  He has a pending motion for postconviction relief and has allegedly not received the judgment entry that would allow him to appeal the denial of another motion for

postconviction relief.  The Court will therefore allow for prospective tolling of the AEDPA statute of limitations while Petitioner exhausts his claims in state court.  To ensure expeditiousness, the Court imposes the following conditions: Petitioner must return to state court within 30 days of this order.  He must refile his habeas petition within 30 days of exhausting his state court remedies.  If Petitioner fails to comply with these limitations, he may not be entitled to the application of prospective equitable tolling, and his habeas petition may be barred by the statute of limitations.

### 3.    Remaining Objections

An objection that merely disagrees with the R&R's conclusion or restates arguments that have already been presented is not a proper objection.  *Woodson*, 2022 WL 842240, at *1; *see also* L. Civ. R. 72.3(b).  General objections are "tantamount to no objection at all" and do not receive *de novo* review.  *Middleton v. Octapharma Plasma, Inc.*, No. 19-1943, 2020 U.S. App. LEXIS 9585, 2020 WL 5000070, *1 (6th Cir. Mar. 26, 2020); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (recognizing that general objections duplicating the time and effort of the district court and magistrate judge waste judicial resources).  To receive *de novo* review of portions of a report and recommendation, the stated objection must "address specific concerns" to "focus attention on those issues . . . that are at the heart of the parties' dispute."  *Howard*, 932 F.2d at 509 (quoting *Thomas v. Arn*, 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)).  "[A]n objection preserves an issue when it explains and cites specific portions of the report which counsel deems problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citations and quotations omitted).

The Court summarizes Petitioner's remaining objections as follows: all transcripts should be submitted to the Court to authenticate his claims (Doc. 13 at 845); the Court must promptly examine his petition and exhibits (*id.* at 849); he has shown he was found guilty in his criminal

cases due to a fundamental miscarriage of justice and violations of his constitutional rights (*id.*); the R&R subverted his rights by stating it must trust the state courts to address the constitutional wrongs (*id.* at 849-50); he can show cause and prejudice on the grounds that may be procedurally defaulted (*id.* at 850); his criminal trial was tainted from the beginning and the R&R cannot disregard the violations of his constitutional rights (*id.* at 851-53); and he is entitled to an evidentiary hearing (*id.* at 853.)

The R&R did not make recommendations based on the merits of Petitioner's habeas claims or make recommendations as to procedural default or his entitlement to an evidentiary hearing.  The objections summarized above do not "address specific concerns" with or cite to specific portions of the R&R.  They merely state Petitioner's disagreement with the R&R's conclusion or restate arguments made in his Petition or Traverse.  They do not warrant *de novo* review.  *See Howard*, 932 F.2d at 509; *Robert*, 507 F.3d at 994; *Woodson*, 2022 WL 842240, at *1; *Middleton*, 2020 WL 5000070, at *1; FED. R. CIV. P 72(b)(3).  Petitioner's remaining general objections are overruled.

### C.  Motion for Evidentiary Hearing

On October 30, 2025, Petitioner filed a Motion for Evidentiary Hearing pursuant to Rule 8 of the Rules Governing 28 U.S.C. § 2254.  (Doc. 15.)  Respondent opposed the motion (Doc. 16), and Petitioner replied (Doc. 17.)

For the reasons discussed above, the petition is dismissed without prejudice to refile.  Accordingly, Petitioner's Motion for Evidentiary Hearing is DENIED as moot.

## III.  CONCLUSION

For the reasons stated herein, Petitioner's objections are OVERRULED, and the R&R is ACCEPTED and ADOPTED.  Respondent's Motion to Dismiss (Doc. 10) is GRANTED and Valemar D. Blade's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without

prejudice.  The Court adds the following conditions to the dismissal: Petitioner must return to state court within 30 days of this order.  He must refile his habeas petition within 30 days of exhausting his state court remedies.  If Petitioner fails to comply with these limitations, he may not be entitled to the application of prospective equitable tolling, and his habeas petition may be barred by the statute of limitations.  The Motion for Evidentiary Hearing (Doc. 15) is DENIED as moot.  The Court certifies that an appeal from this decision could not be take in good faith, and there is no basis on which to issue a certificate of appealability.  28 U.S.C. §§ 1915(a)(3), 2253(c); FED. R. APP. P. 22(b).

**IT IS SO ORDERED.**

**Date:**  March 27, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE